UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASON B. FORREST,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>WILLIAM HYATTE, et al.,<br><br>　　　　Defendants. | CAUSE NO. 3:21-CV-663-JD-MGG |

OPINION AND ORDER

Jason B. Forrest, a prisoner without a lawyer, filed an amended complaint. ECF 4. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his amended complaint, Forrest alleges that, on September 4, 2019, after he was stabbed in the back twice, he was taken to the medical unit because he was bleeding excessively from his wounds. ECF 4 at 2. Upon arriving at the medical unit, Dr. Perry and Dr. Talbert began to treat Forrest and noticed the right side of his chest was filling up with blood. *Id*. Approximately thirty to forty minutes later, his right lung collapsed. *Id*. Dr. Perry and Dr. Talbert decided to call for outside emergency medical

help, but they first had to contact Warden Hyatte to find out if Forrest should be transported to an outside medical facility by van or medical evacuation. *Id*. After being treated in the medical unit for almost an hour, Forrest states that an emergency medical team arrived and informed the staff he would not make it unless he was flown to an outside medical facility. *Id*. Dr. Perry and Dr. Talbert contacted Warden Hyatte again and they decided that Forrest should be transported by helicopter to Eskenazi Hospital. *Id*. at 2-3. At the hospital, he underwent immediate surgery during which a chest tube was inserted in the right side of his chest which drained the blood for three days. *Id*. at 3. Given these events, he asserts that the defendants were deliberately indifferent to his need for emergency medical treatment given the delay in transporting him to the hospital. *Id*.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and

2

decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). However, "[n]egligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even incompetence does not state a claim of deliberate indifference. *Minix v. Canarecci*, 597 F.3d 824, 831-32 (7th Cir. 2010). Further, a delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain or suffering. *Arnett v. Webster*, 658 F.3d 742, 752-53 (7th Cir. 2011); *Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir. 2008).

While Forrest's allegations are concerning, he has not alleged facts from which it can be plausibly inferred that Dr. Perry, Dr. Talbert, or Warden Hyatte were deliberately indifferent to his need for emergency medical treatment on September 4, 2019. The complaint indicates that, after Forrest arrived at the medical unit, Dr. Perry and Dr. Talbert evaluated him and found the right side of his chest was filling up with

blood. ECF 4 at 2. When his condition worsened, Dr. Perry and Dr. Talbert contacted Warden Hyatte to facilitate transporting him to an outside medical facility. *Id*. When the emergency medical team arrived at the prison, the doctors again contacted Warden Hyatte and a decision was made to fly Forrest by helicopter to Eskenazi Hospital where he underwent surgery. *Id*. at 3. These allegations do not suggest that Dr. Perry or Dr. Talbert were not exercising their medical judgment, or that Warden Hyatte acted in an intentional or criminally reckless manner. Therefore, given the defendants' actions in responding to Forrest's emergency medical situation, he has not stated a claim for deliberate indifference.

Furthermore, Forrest has sued Wexford Health.[1] A private company performing a state function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) (*Monell* framework applies to private company providing medical care at correctional facility). But a corporation "cannot be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Rather corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id.* Here, Forrest has not identified any specific policy or practice maintained by Wexford that resulted in the violation of his constitutional rights. Therefore, he may not proceed against Wexford.

---

[1] The court construes Wexford Health to mean Wexford of Indiana, LLC.

While Forrest's amended complaint does not state a claim, the court will give him an opportunity to replead, if after reviewing this order, he believes he can state a claim. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). When Forrest prepares his next amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Jason B. Forrest;

(2) GRANTS Jason B. Forrest until **December 8, 2021**, to file an amended complaint on that form; and

(3) CAUTIONS Jason B. Forrest that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on November 8, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

5